**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **DAVID CHAPIN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CAUSE NO. 1:24-CV-00455-JRN** |
| | § | |
| **IHI AGRI-TECH CORPORATION;** | § | |
| **AND SMALL FARM INNOVATIONS,** | § | |
| **INC.** | § | |
| | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT SMALL FARM INNOVATIONS, LLC (INCORRECTLY NAMED AS
SMALL FARM INNOVATIONS, INC.)'S RULE 12(b)(1) MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Small Farm Innovations, LLC (incorrectly named as Small Farm Innovations, Inc.) ("SFI") neither designed nor manufactured the round hay baler at issue in this products liability action. As a nonmanufacturing seller, SFI is immune from liability under Section 82.003 of the Texas Civil Practice and Remedies Code. SFI was improperly named as a Defendant to this action, as Plaintiff's allegations cannot support a claim against SFI. Accordingly, the Court should dismiss the claims Plaintiff asserts against SFI in his First Amended Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

# I. RELEVANT BACKGROUND

## A. Plaintiff's Allegations

Plaintiff alleges that on November 6, 2022, he suffered personal injuries while attempting to manually engage the binding device on a IHI Model TRB0910B round hay baler (the "Baler").[1] Plaintiff alleges Defendant IHI Agri-Tech Corporation ("IAT") "designed, tested, manufactured, constructed, [and] marketed…" the Baler.[2] He further alleges SFI sold the Baler to him.[3] Plaintiff asserts a negligence cause of action against SFI.[4] This claim is a "products liability action" under the Texas Product Liability Act ("TPLA"). TEX. CIV. PRAC. & REM. CODE §82.001(2) (a "[p]roducts liability action . . . . aris[es] out of personal injury . . . allegedly caused by a defective product").

## B. Procedural History

On April 26, 2024, IHI Americas, Inc. ("IAI") removed the case to this Court from the 33rd Judicial District Court of Burnet County, Texas on the grounds that SFI, the only nondiverse defendant, was improperly joined to defeat diversity jurisdiction.[5] SFI answered Plaintiff's state court Petition prior to the removal,[6] but it has not yet filed a "federally-compliant" Answer in this Court.

---

[1] ECF No. 10 (hereinafter, the "First Amended Complaint") at ¶¶ 3.01-3.03.

[2] *Id.* at ¶4.01.

[3] *Id.* at ¶3.03.

[4] *Id*. at ¶ 6.01 (sic).

[5] ECF No. 1 at pp. 4-7.

[6] ECF No. 1-7.

On October 2, 2024, Plaintiff and IAI filed their Joint Motion to Dismiss IAI from the case, which the Court granted the same day.[7]  Thus, the only defendants currently remaining in the case are IAT and SFI.

On October 3, 2024, Plaintiff filed his Unopposed Motion for Leave to File Plaintiff's First Amended Complaint, with his proposed First Amended Complaint attached thereto.[8]  The Court granted the motion the same day, which resulted in the First Amended Complaint automatically being filed on Plaintiff's behalf.[9]

To date, Plaintiff has not filed a motion to remand or rebutted the claim that SFI was improperly joined to this action.  In fact, Plaintiff even states in his First Amended Complaint that "…this court has diversity jurisdiction under 28 U.S.C. 1332,"[10] **which is essentially a judicial admission that nondiverse SFI was improperly joined to this case.**

## II.
### ARGUMENT & AUTHORITIES

Nonmanufacturing sellers like SFI are generally immune from liability unless a plaintiff pleads and proves the seller is liable under one of seven exceptions to nonmanufacturing seller liability.  TEX. CIV. PRAC. & REM. CODE §82.003(a).

Plaintiff does not allege in his First Amended Complaint that SFI is liable under any of the exceptions to nonmanufacturing seller immunity enumerated in §82.003(a).  Because Plaintiff fails to show in his First Amended Complaint that he has a reasonable possibility of recovery against

---

[7] ECF No. 8.

[8] ECF No. 9.

[9] ECF No. 10.

[10] *Id.* at ¶2.01.

SFI, the Court does not have subject matter jurisdiction over Plaintiff's claims against SFI. Accordingly, dismissal of SFI under Rule 12(b)(1) is appropriate.

## A.    Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction of nondiverse Defendant SFI.

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1).  Dismissal under Rule 12(b)(1) is appropriate when it appears certain the plaintiff cannot show any set of facts that would entitle him to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017).

The burden of proof regarding the existence of jurisdiction always rests with the plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Flores v. Moore*, 2007 WL 4560493, at *2 (S.D. Tex. Dec. 20, 2007), quoting *Clark v. Tarrant County, Tex.,* 798 F.2d 736, 741 (5th Cir.1986) (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)).  Here, dismissal of Plaintiff's claims against SFI is appropriate based solely on the allegations in Plaintiff's First Amended Complaint.

"[A]s long as a nondiverse party remains joined, the *only* issue the court may consider is that of jurisdiction itself." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.,* 818 F.3d 193, 209 (5th Cir. 2016) (emphasis in original).  "When . . . a court determines a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Id.* (emphasis in original).  Because a court never has jurisdiction over a nondiverse party, the appropriate grounds for dismissing an improperly joined nondiverse defendant is lack of

subject matter jurisdiction.  *Id.*; *see also Cornett v. United Airlines, Inc.,* No. A-18-CV-698 LY, 2019 WL 453365, at *3 (W.D. Tex. Feb. 5, 2019).

## B.      The TPLA governs Plaintiff's claims against SFI.

Plaintiff claims injuries resulting from alleged manufacturing, design, and marketing/warning defects in the Baler.[11]  His negligence cause of action against SFI is a "products liability action" under the TPLA because it is an "action against a . . . seller for recovery of damages arising out of personal injury . . . allegedly caused by a defective product."  TEX. CIV. PRAC. & REM. CODE §82.001(2).  An action is a "products liability action . . . whether the action is based in strict tort liability, strict products liability, **negligence**, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories."  *Id.* (emphasis added); *see also Napper v. Electrolux Home Products, Inc.,* No. EP-13-CV-307-PRM-RFC, 2014 WL 12489982, at *3 (W.D. Tex. Feb. 7, 2014).

Plaintiff alleges he "purchased the [B]aler from Defendant SFI."[12]   SFI is a "nonmanufacturing seller" of the Baler and immune from liability unless Plaintiff pleads and proves facts supporting one of the seven exceptions in §82.003(a):

(1)      that [SFI] participated in the design of the product;

(2)      that [SFI] altered or modified the product and the claimant's harm resulted from that alteration or modification;

(3)      that [SFI] installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

(4)      that:

    (A)      [SFI] exercised substantial control over the content of a warning or instruction that accompanied the product;

    (B)      the warning or instruction was inadequate; and

---

[11] *Id.* at ¶¶4.01-4.10.

[12] *Id.* at ¶3.03.

(C)   the claimant's harm resulted from the inadequacy of the warning or instruction;

(5)   that:
  (A)   [SFI] made an express factual representation about an aspect of the product;
  (B)   the representation was incorrect;
  (C)   the claimant relied on the representation in obtaining or using the product; and
  (D)   if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6)   that:
  (A)   [SFI] actually knew of a defect to the product at the time the seller supplied the product; and
  (B)   the claimant's harm resulted from the defect; or

(7)   that the manufacturer of the product is:
  (A) insolvent; or
  (B) not subject to the jurisdiction of the court.

*Garza v. Gibraltar U.S., Inc.,* No. 1-23-CV-505-DII, 2024 WL 3086669, at *2 (W.D. Tex. May 15, 2024), *report and recommendation adopted in part sub nom.*, *Garza v. W.W. Grainger, Inc.*, 2024 WL 3430579 (W.D. Tex. July 16, 2024) (complaint inadequately pleaded when it recited statutory language but failed to plead facts supporting claim that nonmanufacturing seller had control over instructions or warnings that accompanied product).

"[S]ection 82.003(a) is … a **gatekeeper** for [Plaintiff] to bring a claim" against SFI. *Gonzalez v. Reed-Joseph Int'l Co.,* No. 4:11-cv-01094, 2013 WL 1578475, at *4 (S.D. Tex. Apr. 11, 2013) (emphasis added).  To prevent dismissal, Plaintiff must have pleaded specific facts sufficient to invoke at least one of the seven above-referenced exceptions.  *Garza*, 2024 WL 3086669, at *3.  Courts have routinely held that a plaintiff who fails to allege a §82.003(a) exception has no possibility of recovering against a nonmanufacturing seller.  *See e.g., Ideus v. Deere & Company*, No. 2:22-CV-00132, 2022 WL 19569546, at *8 (S.D. Tex. Sept. 15, 2022) (dismissing the seller after "look[ing] to the allegations against [the seller] and the statutory

exceptions to non-liability that apply to a nonmanufacturing seller"); *Coulter v. Deere & Company*, No. CV H-21-2105, 2022 WL 912778, at *2 (S.D. Tex. Aar. 29, 2022) (dismissing seller after stating "a nonmanufacturing seller is not liable in a products-liability suit unless one of the seven statutory exceptions applies"); *State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 5210682, at *2 (S.D. Tex. Sept. 11, 2012) (plaintiff failed to state a viable negligence claim because petition alleged none of the exceptions).

**C.     The federal pleading standard applies to Plaintiff's claims against SFI.**

The Court must apply the *Iqbal* and *Twombly* federal pleading standard to determine if the allegations in Plaintiff's First Amended Complaint adequately state a claim against nondiverse defendant SFI. *Int'l Energy Ventures*, 818 F.3d at 202. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009)).

SFI shows in Sections II.D. and II.E. below that Plaintiff's allegations do not meet the "plausibility" standard for pleadings set forth in *Iqbal*, *Twombly*, and their progeny. Because Plaintiff has no reasonable possibility of recovery against SFI, the Court should dismiss Plaintiff's claims against SFI in their entirety.

**D.     The allegations in Plaintiff's First Amended Complaint are insufficient to support recovery from SFI under any §82.003(a) exception.**

In evaluating whether Plaintiff has a reasonable possibility of recovery against SFI, the Court should conduct a Rule 12(b)(6)-type analysis based on the allegations in Plaintiff's First Amended Complaint. *See Ray v. FCA US LLC*, No. 2:17-CV-86, 2017 WL 3033425, at *3 (S.D. Tex. July 18, 2017) (citing *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir.

2016)); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").  Courts routinely hold a plaintiff who fails to allege a §82.003(a) exception has no possibility of recovering in state court against the nonmanufacturing seller.  *See, e.g., Sanders v. Husqvarna, Inc.*, No. 3-12-258, 2012 WL 5210682, at *2 (S.D. Tex. Oct. 22, 2012) ("whether [nonmanufacturing defendant] Conn's is a proper party therefore turns on whether Plaintiffs have successfully pleaded one of these seven exceptions"); *State Farm Lloyds v. Polaris Indus., Inc.*, No. 6-12-19, 2012 WL 5210682, at *2 (S.D. Tex. Sept. 11, 2012) (plaintiff failed to state a viable negligence claim because petition alleged none of the exceptions).  The Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions."  *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

The First Amended Complaint contains the following allegations against SFI:

3.03    Mr. Chapin purchased the Baler from Defendant SFI in Caldwell, Burleson County, Texas, who provided him training and instructions on how to manually engage the binding device in the event it fails to automatically do so.  Mr. Chapin was attempting to manually engage the binding device as instructed and trained to do, by Defendant SFI, wen his right hand became entangled in twine…[13]

* * *

6.01    Defendant SFI was negligent in that it failed to exercise reasonable care in instructing and/or training Plaintiff on the Baler at the time of purchase and prior to the incident.  Defendant SFI knew or should have known that the Baler was unreasonably dangerous given its foreseeable uses.  At all times herein mentioned, Defendant SFI knew, or in the exercise of reasonable care should have known, that the instructions provided to Plaintiff would put him at risk of serious injury or death.  Defendant SFI was also negligent in its failure to provide proper warnings regarding the use of the Baler. These acts and omissions, taken singularly or in

---

[13] *Id.*

combination, were a producing and/or proximate cause of the Plaintiff's injuries and damages.[14]

The First Amended Complaint does not reference the TPLA or §82.003(a), does not allege SFI is liable under any of the §82.003(a) exceptions to nonmanufacturing seller immunity, and does not allege any facts that could support an inference that SFI is liable under any such exception.[15] Plaintiff does not claim SFI participated in the design of the Baler; altered or modified the Baler; installed the Baler or had it installed onto another product; exercised substantial control over the content of a warning or instruction accompanying the Baler; made an incorrect express factual representation about the Baler; supplied the Baler with knowledge of a defect; or that IAT is insolvent or not subject to personal jurisdiction in this Court.[16] Instead, Plaintiff summarily alleges SFI: (1) knew or should have known that the instructions provided to Plaintiff would place him at risk of injury or death; (2) failed to provide proper warnings or instructions regarding the use of the Baler; (3) knew or should have known that the Baler was unreasonably dangerous; and (4) failed to instruct or train Plaintiff on the Baler.[17]  The First Amended Complaint contains no facts to support these conclusory allegations.

Although Plaintiff does not allege SFI is liable under any §82.003(a) exception, SFI shows in Sections II.D.1. and 2. below that even under §82.003(a)(4) and (6) – the only exceptions possibly implicated by the allegations in the First Amended Complaint – Plaintiff's allegations against SFI are inadequate.

---

[14] *Id.* at ¶6.01 (sic).

[15] *Id.*

[16] *Id.*

[17] *Id.*.

1.      *Plaintiff has not adequately alleged SFI is liable under §82.003(a)(4).*

Under §82.003(a)(4), a nonmanufacturing seller may be liable if it: (1) exercised substantial control over the content of a warning or instruction that accompanied the product; (2) the warning or instruction was inadequate; and (3) the claimant's harm resulted from the inadequacy of the warning or instruction.  TEX. CIV. PRAC. & REM. CODE §82.003(a)(4).

Plaintiff alleges in his First Amended Complaint that SFI "failed to exercise reasonable care in instructing . . . Plaintiff on the Baler" and "knew . . . or should have known, that the instructions provided to Plaintiff would put him at risk of serious injury or death" and "fail[ed] to provide proper warnings regarding the use of the Baler."[18]   Plaintiff does not reference §82.003(a)(4) whatsoever.  Moreover, Plaintiff does not allege in the First Amended Complaint (as §82.003(a)(4) requires) that SFI exercised substantial control over the content of any warning or instruction that accompanied the Baler, that any warning given was inadequate, or that the inadequacy of any warning given caused Plaintiff's injury.  Nor does the First Amended Complaint contain any facts that could support such allegations, even if they had been made.

Plaintiff has not shown a reasonable possibility of recovery from SFI under §82.003(a)(4). *Perez v. Trylon Mfg. Co. Ltd*, No. 3:10-CV-01850-P, 2011 WL 13128694, at *4 (N.D. Tex. Apr. 19, 2011) (no reasonable possibility of recovery because petition did not allege facts to support claim that defendant had control of contents of warning that accompanied product); *Gill v. Michelin N. Am., Inc.,* 3 F. Supp. 3d 579, 585 (W.D. Tex. 2013) (no probable right of recovery against dealer because no allegation it exercised substantial control of a warning or instruction that accompanied product in question); *Napper v. Electrolux Home Products, Inc.*, No. EP-13-CV-307-

---

[18] *Id.*

PRM-RFC, 2014 WL 12489982, at *4 (W.D. Tex. Feb. 7, 2014) (same); *Pan v. Sumitomo Rubber Indus., Ltd.*, No. CV H-18-1201, 2018 WL 3055773, at *5 (S.D. Tex. June 20, 2018) (no probable right of recovery against dealer because no allegation it exercised substantial control over tire warnings or that damages resulted from inadequacy or warning).

The First Amended Complaint does not allege SFI is liable under §82.003(a)(4), and the vague allegations in the First Amended Complaint are neither supported by facts nor satisfy federal pleading standards.

> **2.**    ***Plaintiff has not adequately alleged SFI is liable under §82.003(a)(6).***

Under §82.003(a)(6), a nonmanufacturing seller may be liable if it: (1) actually knew of a defect to the product at the time the seller supplied the product; and (2) the claimant's harm resulted from the defect.  TEX. CIV. PRAC. & REM. CODE §82.003(a)(6).

Plaintiff broadly alleges in his First Amended Complaint that SFI "knew or should have known that the Baler was unreasonably dangerous given its foreseeable uses."[19]  Section 82.003(a)(6) only applies if a nonmanufacturing seller "actually knew" of a product defect.  Courts have repeatedly held allegations that a seller "should have known" of a product defect are not sufficient to state a claim under §82.003(a)(6).  *See Patlan v. Michelin N. Am., Inc.*, No. 5:19-CV-262-XR, 2019 WL 2267046, at *3 (W.D. Tex. May 28, 2019) ("Under §82.003(a), liability cannot

---

[19] *Id.*

be based on an allegation that a seller should have known of a defect in a product.").[20]  The First Amended Complaint is devoid of any facts to support the allegation that SFI "knew or should have known" the Baler was unreasonably dangerous.  *Williams v. Avon Products, Inc.*, No. 4:19-CV-02337, 2019 WL 6040073, at *5 (S.D. Tex. Oct. 24, 2019), *report and recommendation adopted*, 2019 WL 6038525 (S.D. Tex. Nov. 14, 2019) (general allegations that seller knew of product defect, when unsupported by substantive facts to support those allegations, are insufficient to satisfy federal pleading standards or raise an inference of the seller's knowledge); *Pizana v. Jerry's Auto Sales*, No. CV B-19-55, 2019 WL 4280016, at *5 (S.D. Tex. July 23, 2019) (recommending dismissal of §82.003(a)(6) claim because plaintiff failed to "plead facts which, at the very least, raise the inference of knowledge."), *report and recommendation adopted*, 2019 WL 4274453 (S.D. Tex. Sept. 10, 2019).

Plaintiff also fails to allege SFI knew the Baler was unreasonably dangerous during the relevant time period: "at the time [SFI] supplied [the Baler]."  TEX. CIV. PRAC. & REM. CODE §82.003(a)(6).  Courts have held a plaintiff must show the seller "actually knew of a defect to the product at the time the seller supplied the product" to impose liability on a seller pursuant to §82.003(a)(6).  *Casas v. The Tire Corral, Inc.*, No. CIV.A. M-04-123, 2005 WL 6773889, at *6

---

[20] *See also Mix v. Target Corp.*, 759 F. Supp. 2d 876, 879 (S.D. Tex. 2010) ("It is particularly instructive that, in drafting Chapter 82, the Texas Legislature 'used "knew," not "should have known"' of a defect." (quoting *Lott v. Dutchmen Mfg., Inc.*, 422 F. Supp. 2d 750, 754 (E.D. Tex. 2006))); *Rubin v. Daimlerchrysler Corp.*, 2005 WL 1214605, at *6 (S.D. Tex. May 20, 2005) ("Under [Section 82.003(a)(6)], ... liability cannot be based on an allegation that a seller *should have known* of a defect in a product."); *Reynolds v. Ford Motors Co.*, 5:04-CV-085-C, 2004 WL 2870079, at *3 (N.D. Tex. Dec. 13, 2004) ("The language of section 82.003 clearly requires actual knowledge of the defect on the part of the seller" and "makes no reference to what a seller should have known or foreseen.").

(S.D. Tex. Mar. 31, 2005) (plaintiff failed to plead possible recovery under §82.003(a)(6) because it did not allege seller had any knowledge of a defect in the product at the time of sale); *Segura v. Gen. Motors LLC*, No. DR-14-CV-077-AM-VRG, 2015 WL 13805701, at \*10 (W.D. Tex. July 29, 2015), *report and recommendation adopted*, 2015 WL 13805702 (W.D. Tex. Sept. 30, 2015) (same).

Plaintiff does not allege in the First Amended Complaint that SFI is liable under §82.003(a)(6).  Moreover, the vague allegations contained in the First Amended Complaint are unsupported by facts and do not satisfy federal pleading standards.

### 3. *Failure to train/failure to properly train is not a recognized §82.003(a) exception.*

As discussed in Section II.B. above, despite Plaintiff's characterization of his claim against SFI as "negligence," it is a "products liability action" governed by Chapter 82.  TEX. CIV. PRAC. & REM. CODE §82.001(2); *see also Napper v. Electrolux Home Products, Inc.,* No. EP-13-CV-307-PRM-RFC, 2014 WL 12489982, at \*3 (W.D. Tex. Feb. 7, 2014).  Nowhere does §82.003(a) permit a claim against a nonmanufacturing seller for an alleged failure to train/failure to properly train with respect to a product.  However, as explained in Section II.E. below, even if the Court were to evaluate Plaintiff's "failure to train" claim outside of §82.003(a) (the Court should not do this), Plaintiff's allegations against SFI do not satisfy federal pleading standards.

## E. Plaintiff has not adequately alleged a negligence claim against SFI.

The elements of a negligence claim in Texas are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach.  *Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746, at \*3 (N.D. Tex. Aug. 12, 2015) (citing *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)); *Lane v.*

*Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). The First Amended Complaint is devoid of elements (1) and (2). The Court should find Plaintiff's allegations of negligence against SFI do not establish a reasonable possibility of recovery from SFI because Plaintiff does not identify the required elements of a negligence claim or provide sufficient facts to support those elements. *Resendez v. CitiMortgage, Inc.,* 7:14-CV-52, 2014 WL 12599333, at \*1 (S.D. Tex. Mar. 5, 2014); *Ayati-Ghaffari v. Title Source, Inc*., 4:14-CV-840-ALM-CAN, 2015 WL 10793519, at \*5 (E.D. Tex. Aug. 10, 2015), *report and recommendation adopted*, 2015 WL 10793719 (E.D. Tex. Sept. 3, 2015).

## III.
## PRAYER

BASED ON THE FOREGOING, Defendant Small Farm Innovations, LLC (improperly named as Small Farm Innovations, Inc.) requests that the Court dismiss the claims asserted against SFI in Plaintiff's First Amended Complaint pursuant to Rule 12(b)(1) and for such other relief to which it may be entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Stephen C. Carter*
     David A. McFarland
     State Bar No. 00791223, AR 2006025
     Stephen C. Carter
     State Bar No. 24069481

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209
dmcfarland@thompsoncoe.com
scarter@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**SMALL FARM INNOVATIONS, LLC**

## CERTIFICATE OF SERVICE

This is to certify that I have complied with Rule 5 of the Federal Rules of Civil Procedure, that the foregoing instrument has been e-filed and that that the electronic filing system will send a "Notice of Electronic Filing" to the following attorneys of record and/or parties who have consented to accept this Notice as service of this document:

    James L. Mitchell
    Andrew S. Bullard
    PAYNE MITCHELL RAMSEY LAW GROUP
    3500 Maple Avenue, Suite 1250
    Dallas, Texas 75219
    jim@paynemitchell.com
    abullard@paynemitchell.com
    *Attorneys for Plaintiff*

Dated: October 23, 2024

                        */s/ Stephen C. Carter*
                        Stephen C. Carter