IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID CHAPIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 1:24-CV-00455-JRN |
| | § | |
| IHI AGRI-TECH CORPORATION; | § | |
| AND SMALL FARM INNOVATIONS, | § | |
| INC. | § | |
| | § | |
| *Defendants.* | § | |

**SUBJECT TO ITS RULE 12(b)(1) MOTION TO DISMISS, DEFENDANT SMALL FARM INNOVATIONS, LLC (INCORRECTLY NAMED AS SMALL FARM INNOVATIONS, INC.)'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [DOC. 10]**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE JAMES NOWLIN:

COMES NOW Defendant Small Farm Innovations, LLC (incorrectly named as Small Farm Innovations, Inc.) ("SFI") in the above-entitled and numbered cause and, subject to and without waiving its subject matter jurisdiction challenge,[1] files and serves its Original Answer to Plaintiff's First Amended Complaint [Doc. 10], and in support thereof, would respectfully show the Court as follows:

---

[1] On October 23, 2024, prior to the filing of this Answer, SFI filed its motion to dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). SFI hereby timely files this Original Answer to Plaintiff's First Amended Complaint, while continuing to maintain that this Court does not have subject matter jurisdiction over Plaintiff's claims against SFI.

I. **ADMISSIONS AND DENIALS TO PLAINTIFF'S FIRST AMENDED COMPLAINT ALLEGATIONS**

With respect to the first unnumbered paragraph of Plaintiff's First Amended Complaint, SFI admits that it is unopposed to the filing of Plaintiff's First Amended Complaint. Otherwise, this paragraph does not contain any factual allegations to which a response is required.

I.
**PARTIES**

1.01    SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1.01 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

1.02    SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 1.02 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied.

1.03    SFI admits it is organized in Texas and its principal place of business is located at 3701 State Highay 36, Caldwell, Texas 77836. SFI also admits it was served and has entered an appearance in this case. Otherwise, SFI denies the allegations in Paragraph 1.03 of Plaintiff's First Amended Complaint.

II.
**VENUE AND JURISDICTION**

2.01    With respect to Paragraph 2.01 of Plaintiff's First Amended Complaint, SFI admits this Court has diversity jurisdiction over this lawsuit.[2] SFI specifically denies that Plaintiff is entitled to the monetary relief he seeks from SFI or to any relief at all.

---

[2] Because nondiverse SFI was improperly joined, it should be dismissed from the case and its citizenship disregarded for purposes of diversity jurisdiction.

**SUBJECT TO ITS RULE 12(b)(1) MOTION TO DISMISS, DEFENDANT SMALL FARM INNOVATIONS, LLC (INCORRECTLY NAMED AS SMALL FARM INNOVATIONS, INC.)'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT [DOC. 10] – Page 2**

2.02    The allegations in Paragraph 2.02 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  Nonetheless, SFI states it is not contesting venue in this case.

### III.
### FACTUAL BACKGROUND

3.01    SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first and second sentences of Paragraph 3.01 of Plaintiff's First Amended Complaint.  Therefore, those allegations are denied.  With respect to the third sentence of Paragraph 3.01 of Plaintiff's First Amended Complaint, SFI states that it is not required to respond to allegations directed towards its Co-Defendant.  SFI admits the allegations in the fourth through seventh sentences of Paragraph 3.01 of Plaintiff's First Amended Complaint.

3.02    SFI admits the allegations in the first through third sentences in Paragraph 3.02 of Plaintiff's First Amended Complaint.  With respect to the fourth sentence in Paragraph 3.02 of Plaintiff's First Amended Complaint, SFI admits that if the subject baler's binding device does not automatically engage, it can be manually engaged after the power to the baler is shut off.  SFI denies the remainder of the allegations in Paragraph 3.02 of Plaintiff's First Amended Complaint.

3.03    With respect to the first sentence of Paragraph 3.03 of Plaintiff's First Amended Complaint, SFI admits: (1) it is located in Caldwell, Burleson County, Texas, and (2) it sold the subject baler to Plaintiff.  SFI denies the remaining allegations in the first sentence of Paragraph 3.03 of Plaintiff's First Amended Complaint as they are worded.  SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the second and third sentences of Paragraph 3.03 of Plaintiff's First Amended Complaint.  Therefore, those allegations are denied.

## IV.
### STRICT LIABILITY AND NEGLIGENCE CLAIMS AGAINST DEFENDANT IAT

4.01   SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 4.01 of Plaintiff's First Amended Complaint.  Therefore, the allegations in this paragraph are denied.

4.02   SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 4.02 of Plaintiff's First Amended Complaint.  Therefore, the allegations in this paragraph are denied.

4.03   SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 4.03 of Plaintiff's First Amended Complaint.  Therefore, those allegations are denied.  SFI denies the allegations in the second sentence of Paragraph 4.03 of Plaintiff's First Amended Complaint.  SFI specifically denies that it altered or otherwise made any changes to the subject baler at any time.

4.04   SFI lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 4.04 of Plaintiff's First Amended Complaint.  Therefore, the allegations in this paragraph are denied.

4.05   The allegations in Paragraph 4.05 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  Further, SFI is not required to respond to allegations directed towards its Co-Defendant.  However, in the event a response is required, the allegations in this paragraph are denied.

4.06   The allegations in Paragraph 4.06 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  Further, SFI is not required to

respond to allegations directed towards its Co-Defendant.  However, in the event a response is required, the allegations in this paragraph are denied.

4.07    The allegations in Paragraph 4.07 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  Further, SFI is not required to respond to allegations directed towards its Co-Defendant.  However, in the event a response is required, the allegations in this paragraph – including those in subparts a. and b. – are denied.  SFI specifically denies that the subject baler was defective in any regard when it left SFI's possession.

4.08    The allegations in Paragraph 4.08 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  However, in the event a response is required, the allegations in this paragraph are denied.

4.09    The allegations in Paragraph 4.09 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  Further, SFI is not required to respond to allegations directed towards its Co-Defendant.  However, in the event a response is required, the allegations in this paragraph – including those in subparts a. and j. – are denied.  SFI specifically denies that the subject baler was defective in any regard when it left SFI's possession.

4.10    The allegations in Paragraph 4.10 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  Further, SFI is not required to respond to allegations directed towards its Co-Defendant.  However, in the event a response is required, the allegations in this paragraph are denied.  SFI specifically denies that the subject baler was defective in any regard when it left SFI's possession.

## V.
### NEGLIGENCE CLAIMS AGAINST DEFENDANT SMALL FARM INNOVATIONS, INC. (SIC)

6.01    The allegations in Paragraph 5.01 (misnumbered as 6.01) of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required. However, in the event a response is required, the allegations in this paragraph are denied. SFI specifically denies any wrongdoing in connection with the incident made the basis of this lawsuit.

## VI.
### DAMAGES

6.02    The allegations in Paragraph 6.01 (misnumbered as 6.02) of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required. However, in the event a response is required, the allegations in this paragraph are denied. SFI specifically denies any wrongdoing in connection with the incident made the basis of this lawsuit. SFI specifically denies that Plaintiff is entitled to the monetary relief he seeks from SFI or to any relief at all.

## VII.
### EXEMPLARY DAMAGES

7.01    The allegations in Paragraph 7.01 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required. However, in the event a response is required, the allegations in this paragraph are denied. SFI specifically denies any wrongdoing in connection with the incident made the basis of this lawsuit. SFI specifically denies that Plaintiff is entitled to any exemplary damages in this lawsuit or to any damages at all.

## VIII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

8.01    The allegations in Paragraph 8.01 of Plaintiff's First Amended Complaint are argument or legal conclusions to which no response is required.  However, in the event a response is required, SFI specifically denies that Plaintiff is entitled to any pre-judgment or post-judgment interest in this lawsuit or to any damages at all.

## IX.
### JURY DEMAND

9.01    With respect to Paragraph 9.01 of Plaintiff's First Amended Complaint, SFI states that it is unopposed to a jury trial.

### PRAYER

The allegations in Plaintiff's Prayer are argument or legal conclusions to which no response is required.  However, in the event a response is required, SFI denies that Plaintiff is entitled to the relief requested in his Prayer or to any relief.

### II.    AFFIRMATIVE DEFENSES

#### First Affirmative Defense

SFI affirmatively asserts that Plaintiff has failed to state a claim against SFI upon which relief can be granted under any applicable law.

#### Second Affirmative Defense

SFI affirmatively asserts that Plaintiff has improperly joined SFI to this case for the sole purpose of defeating diversity jurisdiction.  As such, this Court lacks subject matter jurisdiction over SFI, and SFI should therefore be dismissed from this case pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.,* 818

F.3d 193, 209 (5th Cir. 2016); *see also Cornett v. United Airlines, Inc.,* No. A-18-CV-698 LY, 2019 WL 453365, at *3 (W.D. Tex. Feb. 5, 2019).

### Third Affirmative Defense

SFI affirmatively asserts that it is completely immune from liability under Chapter 82 of the Texas Civil Practice & Remedies Code.  SFI was a nonmanufacturing seller of the subject baler, and Plaintiff's claim against SFI for alleged negligent "instruction and/or training" regarding the baler does not fall within one of the seven recognized exceptions to nonmanufacturing seller immunity under Chapter 82.  *See* TEX. CIV. PRAC. & REM. CODE §82.003(a).

### Fourth Affirmative Defense

SFI denies that any alleged acts or omissions on its part were the proximate cause of any alleged injuries or damages to Plaintiff and further denies that SFI is liable under any theory of recovery.

### Fifth Affirmative Defense

SFI affirmatively asserts that Plaintiff's alleged injuries and damages, if any, were proximately caused by unforeseeable, independent, intervening, and/or superseding acts or events beyond the control of SFI and unrelated to the conduct of SFI.

### Sixth Affirmative Defense

SFI affirmatively asserts, to the extent such is necessary, that Plaintiff has failed to mitigate his damages, if any.

### Seventh Affirmative Defense

SFI affirmatively asserts that Plaintiff's state law claims against SFI are preempted to the extent those claims conflict with the applicable standards of care (if any) imposed by the federal

government and/or any federal agency's regulation of the subject industry(ies) and/or the subject product.

### Eighth Affirmative Defense

SFI affirmatively asserts that Plaintiff's claims against it are barred, in whole or in part, to the extent Plaintiff's injuries and damages, if any, were caused by the acts or omissions of third parties not under the control of SFI.  SFI would have no reason to anticipate these acts or omissions and is, therefore, not liable for damages or injuries resulting from them.  SFI, therefore, invokes the doctrines of comparative fault, proportionate responsibility, and contribution as those terms are described and defined under Texas law, including under Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.

### Ninth Affirmative Defense

SFI affirmatively asserts that Plaintiff had full knowledge of the risks associated with the baler at issue in this lawsuit and accepted such risks.  Plaintiff's claims are, therefore, barred in whole or in part by Plaintiff's assumption of all risks associated with the subject baler.

### Tenth Affirmative Defense

SFI affirmatively asserts that, to the extent Plaintiff was negligent in failing to exercise that degree of care and caution that would have been exercised by a person of ordinary prudence, SFI pleads new, intervening, and/or independent cause, and that any such negligent action on the part of Plaintiff was a contributing cause or the sole proximate cause of his alleged injuries and damages.  Therefore, Plaintiff's damages, if any, are barred in whole or in part by the doctrines of contributory negligence and/or comparative fault.

**Eleventh Affirmative Defense**

SFI affirmatively asserts that any recovery for damages allegedly suffered by Plaintiff is barred, in whole or in part, or should be reduced proportionately, by Plaintiff's contributory and/or comparative negligence, fault, and lack of due care. TEX. CIV. PRAC. & REM. CODE §33.001, *et seq*. In the event Plaintiff's liability exceeds 50 percent, he is not entitled to any recovery.

**Twelfth Affirmative Defense**

SFI affirmatively asserts that it is not liable for Plaintiff's injuries and damages, if any, to the extent the subject baler was not in the same condition at the time of the subject incident as it was when it left SFI's possession.

**Thirteenth Affirmative Defense**

SFI affirmatively asserts that the subject baler was not unreasonably dangerous when used for its intended purpose. SFI further asserts that Plaintiff's alleged injuries and claimed damages were caused, in whole on in part, by his abuse, misuse, and/or unintended use of the subject baler. Such abuse, misuse, and/or unintended use was wholly unforeseeable to SFI. Accordingly, for this additional reason, SFI cannot be held liable for Plaintiff's alleged injuries and claimed damages.

**Fourteenth Affirmative Defense**

SFI affirmatively asserts that the subject baler was not defective at the time it left SFI's possession.

**Fifteenth Affirmative Defense**

SFI affirmatively asserts that it has not engaged in any conduct that would allow the assessment of treble damages, punitive damages, exemplary damages, attorneys' fees, and/or costs

of suit against it. Further, an assessment of any treble damages, punitive damages, and/or exemplary damages against SFI would be a violation of SFI's Due Process rights under the United States Constitution. In the unlikely event punitive damages are awarded against SFI, SFI affirmatively asserts that such damages should be capped under applicable Texas law.

### Sixteenth Affirmative Defense

SFI affirmatively asserts that Plaintiff is not entitled to recover damages for lost earnings or income unless Plaintiff presents evidence to prove the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law, in accordance with Texas Civil Practice and Remedies Code §18.091.

### Seventeenth Affirmative Defense

SFI affirmatively asserts that Plaintiff's recovery of medical or healthcare expenses in this case, if any, is limited to the amount actually paid or incurred by or on behalf of Plaintiff. TEX. CIV. P. & REM. CODE §41.0105.

### Eighteenth Affirmative Defense

SFI affirmatively asserts that Plaintiff's claim for pre-judgment interest is limited by the dates and amounts set forth in the Texas Finance Code and/or any other applicable statue.

### Nineteenth Affirmative Defense

SFI hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery. SFI reserves the right to amend its Answer to assert such defenses.

### III.   PRAYER

BASED ON THE FOREGOING, SFI respectfully prays that Plaintiff take nothing by his lawsuit against SFI, that SFI be dismissed from this case with prejudice, that SFI recover its costs incurred hereby, and that SFI recover all other and further relief to which it is justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ Stephen C. Carter*
     Stephen C. Carter
     State Bar No. 24069481

700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8200
scarter@thompsoncoe.com

**COUNSEL FOR DEFENDANT
SMALL FARM INNOVATIONS, LLC
(INCORRECTLY NAMED AS SMALL
FARM INNOVATIONS, INC.)**

## **CERTIFICATE OF SERVICE**

      This is to certify that I have complied with Rule 5 of the Federal Rules of Civil Procedure, that the foregoing instrument has been e-filed and that that the electronic filing system will send a "Notice of Electronic Filing" to the following attorneys of record and/or parties who have consented to accept this Notice as service of this document:

    James L. Mitchell
    Andrew S. Bullard
    PAYNE MITCHELL RAMSEY LAW GROUP
    3500 Maple Avenue, Suite 1250
    Dallas, Texas 75219
    jim@paynemitchell.com
    abullard@paynemitchell.com
    ***Attorneys for Plaintiff***

Dated: October 23, 2024

                                          */s/ Stephen C. Carter*
                                          Stephen C. Carter