UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| David Chapin, §<br>   *Plaintiff*, §<br>§<br>v. §<br>§<br>IHI Agri-Tech Corporation and Small §<br>Farms Innovations, Inc., §<br>   *Defendants*. § | Case No. 1:24-CV-00455-JRN |

**ORDER**

Before the Court is Defendant Small Farms Innovations, LLC's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Dkt. 11. For the reasons that follow, the Court defers ruling on this motion until Plaintiff David Chapin files a second amended complaint.

**I.   Background**

David Chapin sued IHI Agri-Tech Corporation, IHI Americas, Inc., and Small Farms Innovations, Inc. (SFI), in state court to recover damages for injuries he sustained while attempting to manually engage the binding device on a hay baler (the "Baler"). Dkt. 1-4, at 1, 3–4, 7. Soon thereafter, IHI Americas removed the action to this Court based on diversity jurisdiction. Dkt. 1, at 1, 3. IHI Americas argued that complete diversity of citizenship existed because Chapin is a Texas citizen and the only properly joined defendants, IHI Americas and IHI Agri-Tech, are not Texas citizens. *Id.* at 4. IHI Americas acknowledged that Defendant SFI is a Texas citizen, but it argued that an analysis of SFI's citizenship is unnecessary because Chapin improperly joined SFI to the lawsuit. *See Id.* at 2–3.

1

After removal, Chapin filed an amended complaint that dropped his claims against IHI Americas, leaving IHI Agri-Tech and SFI as the only remaining defendants. Dkt. 9, 10. SFI now moves to dismiss Chapin's amended complaint. Dkt. 11, at 1. SFI argues that it is immune from liability as a nonmanufacturing seller under Section 82.003 of the Texas Civil Practice and Remedies Code. *Id.* SFI contends that it was improperly named as a defendant in this action given that Chapin does not have a reasonable possibility of recovering against it. *Id.* at 1, 3–4. Accordingly, SFI argues that Chapin's claims against it should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *Id.*

## I. Legal Standard

Federal courts have diversity jurisdiction over civil actions between citizens of different states, provided the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Ordinarily, diversity jurisdiction requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). But if the plaintiff improperly joins a non-diverse defendant, "the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Id.*

A non-diverse defendant is improperly joined if the plaintiff is unable to establish a cause of action against that defendant in state court. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an

in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "The burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 304 (5th Cir. 2024) (quoting *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)).

"In most cases, to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant, the court should 'conduct a Rule 12(b)(6)-type analysis.'" *Flagg*, 819 F.3d at 136 (quoting *Smallwood*, 385 F.3d at 573).[1] This involves determining whether the plaintiff has stated a claim for relief that is facially plausible. *Palmquist*, 103 F.4th at 304. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When conducting a Rule 12(b)(6)-type analysis, the court must "accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." *Palmquist*, 103 F.4th at 304.

## II. Analysis

Before conducting an improper-joinder analysis, the Court will consider a threshold issue raised by Chapin. Chapin questions whether a Rule 12(b)(1) motion is the correct procedural device. Dkt. 14, at 1–2. Chapin notes that SFI claims to be immune from liability under Section 82.003. *Id.* Chapin agrees that this section

---

[1] In limited circumstances, courts may "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.

provides limited immunity from liability, but he asserts that it does not provide immunity from suit. *Id.* This distinction is significant, according to Chapin, because immunity from suit implicates jurisdictional concerns whereas immunity from liability is an affirmative defense that must be proven. *Id.* Chapin therefore "disagrees with [SFI's] basic assumption that a statute shielding a defendant from liability in certain circumstances deprives this Court of jurisdiction to reach that very liability question." *Id.*

SFI responds that Rule 12(b)(1) is the correct procedural vehicle to seek dismissal of Chapin's claims. Dkt. 15, at 2. SFI points out that federal courts routinely dismiss claims against improperly joined defendants for lack of jurisdiction under Rule 12(b)(1), and at least one federal court has granted a Rule 12(b)(1) motion seeking to dismiss a Section 82.003 claim against an improperly joined, nonmanufacturing seller. *Id.* at 2–3. SFI also highlights that numerous federal courts have rejected attempts by a party to dismiss claims against improperly joined defendants through other procedural vehicles, instead of dismissing the defendants under Rule 12(b)(1). *Id.* at 3.

The Court agrees with SFI. "[T]he only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) ("To dismiss on any other basis would require the presence of jurisdiction that does not exist."). "The proper vehicle to challenge a court's subject matter jurisdiction is a Rule 12(b)(1) motion to dismiss." *Murphy v. City of Galveston*, No. 3:12-CV-00167, 2021

4

WL 1220104, at *3 (S.D. Tex. Mar. 31, 2021). Thus, regardless of whether SFI is immune from liability or immune from suit, Rule 12(b)(1) is the proper vehicle for SFI to seek dismissal on the basis that it is an improperly joined defendant.

Having resolved this threshold issue, the next question is whether Chapin has stated a claim for relief against SFI that is facially plausible. *Palmquist*, 103 F.4th at 304. SFI argues that Chapin's allegations are insufficient because it is immune from liability as a nonmanufacturing seller under Section 82.003(a). Dkt. 11, at 1. This provision states that "[a] seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of seven exceptions. TEX. CIV. PRAC. & REM. CODE § 82.003(a). SFI contends that the allegations in Chapin's amended complaint do not satisfy any of the seven exceptions listed in this provision. Dkt. 11, at 3, 7.

Chapin does not dispute that SFI is a nonmanufacturing seller, *see* Dkt. 14, at 12, but he suggests that his amended complaint states a claim against SFI under the fourth enumerated exception, *id.* at 5–6, 12.[2] This exception provides that a nonmanufacturing seller is liable if the claimant proves that "(A) the seller exercised substantial control over the content of a warning or instruction that accompanied the

---

[2] Chapin also argues that SFI admitted the negligence allegations in his amended complaint. Dkt. 14, at 4. However, SFI expressly denied these allegations and stated that it "denies any wrongdoing in connection with the incident made the basis of this lawsuit." Dkt. 12, at ¶ 6.01. This denial is sufficient to inform Chapin that his negligence allegations are contested. *See I Thrive Drip Holdings, LLC v. Thrive Hydration, LLC*, No. 1-22-CV-00872-RP, 2023 WL 11983719, at *2 (W.D. Tex. Aug. 30, 2023) (explaining that the reason for Rule 8(b)'s requirements "is to apprise the opponent of those allegations that stand admitted and will not be in issue at trial and those that are contested and will require proof."). As such, the Court finds that SFI did not admit the negligence allegations in Chapin's amended complaint.

product; (B) the warning or instruction was inadequate; and (C) the claimant's harm resulted from the inadequacy of the warning or instruction." TEX. CIV. PRAC. & REM. CODE § 82.003(a)(4).

Chapin's amended complaint alleges that SFI sold him the Baler and "provided him training and instructions on how to manually engage the binding device in the event it fails to automatically do so." Dkt. 10, at ¶ 3.03. Chapin alleges that he "was attempting to manually engage the binding device as instructed and trained to do, by Defendant SFI, when his right hand became entangled in the twine." *Id.* Chapin claims that his "right arm was pulled into the Baler suffered catastrophic damage, which ultimately led to amputation at the shoulder." *Id.* Chapin asserts the following negligence claims against SFI:

> Defendant SFI was negligent in that it failed to exercise reasonable care in instructing and/or training Plaintiff on the Baler at the time of purchase and prior to the incident. Defendant SFI knew or should have known that the Baler was unreasonably dangerous given its foreseeable uses. At all times herein mentioned, Defendant SFI knew, or in the exercise of reasonable care should have known that the instructions provided to Plaintiff would put him at risk of serious injury or death. Defendant SFI was also negligent in its failure to provide proper warnings regarding the use of the Baler. These acts and omissions, taken singularly or in combination, were a producing and/or proximate cause of the Plaintiff's injuries and damages.

Dkt. 10, at ¶ 6.01.

SFI argues that Chapin has not adequately alleged that it is liable under the fourth exception. Dkt. 11, at 10–11. SFI notes that Chapin does not allege that it exercised substantial control over the content of any warning or instruction that accompanied the Baler, that any warning given was inadequate, or that the

6

inadequacy of any warning caused Chapin's injury. *Id.* SFI argues that Chapin's amended complaint does not contain any facts that could support such allegations, even if they had been made. *Id.* Thus, SFI argues that Chapin does not have a reasonable possibility of recovering against it under the fourth exception. *Id.*

The Court finds that Chapin's allegations are sufficient as to some, but not all, of the fourth exception's requirements. Chapin alleges that he was following SFI's instructions when his arm became entangled in the twine and was injured as a result. Dkt. 10, at ¶ 3.03. These facts allow the Court to draw the reasonable inference that SFI's instructions were inadequate and that Chapin's injury resulted from this inadequacy, thereby satisfying the second and third elements of the fourth exception. *See* TEX. CIV. PRAC. & REM. CODE 82.003(a)(4)(B)–(C). But Chapin also needs to show that SFI "exercised substantial control over the content of a warning or instruction that accompanied the product." TEX. CIV. PRAC. & REM. CODE 82.003(a)(4)(A). Although Chapin alleges that SFI provided instructions on how to use the Baler, he has not alleged any facts that indicate whether SFI controlled the content of those instructions. Therefore, Chapin's amended complaint does not state a plausible claim for relief against SFI under the fourth exception.

The final issue is whether Chapin should be allowed to file a second amended complaint. Chapin requests an order to timely replead in the event the Court determines that he has not adequately stated a claim against SFI. Dkt. 14, at 6. Chapin provides a list of proposed allegations that his second amended complaint will assert against SFI. *Id.* at 8. SFI responds that Chapin should not be allowed to amend

7

his complaint because the Court must evaluate removal jurisdiction based on the state court petition on file at the time of removal. Dkt. 15, at 4–5 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). SFI contends that a post-removal amendment cannot divest a federal court of jurisdiction. *Id.*

SFI's argument is contradicted by a recent Fifth Circuit case. Last year, the Fifth Circuit held that "[a]lthough post-removal filings may not be considered 'to the extent they present new causes of action or theories not raised in the controlling petition filed in state court,' they can be considered to the extent that they clarify or amplify the claims actually alleged in the removed pleading." *Palmquist*, 103 F.4th at 303 (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999)). Thus, as long as Chapin does not add a new cause of action or theory against SFI, he may amend his complaint to clarify or amplify the claims that he actually alleged in his state court petition.

SFI offers no other reason to deny Chapin's request for an order to timely replead. "Rule 15(a) requires a trial court to 'freely give leave when justice so requires.'" *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (quoting FED. R. CIV. P. 15(a)). While leave to amend is not automatic, a district court needs a "substantial reason" to deny a party's request for leave to amend, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of the amendment." *Id.* (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir.

2014)). The Court is unaware of any substantial reason to deny Chapin leave to amend.

To be fair, Chapin has already amended his state court petition and did not clarify or amplify his claims against SFI. Dkt. 10. But the reason Chapin amended his petition was to remove his claims against IHI Americas pursuant to an agreement with the defendants. Dkt. 9, at 1–2. So this is not a situation where Chapin has "repeatedly failed to cure deficiencies by amendments previously allowed." *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). It is also worth noting that Chapin has not provided a copy of his proposed amended complaint as required by the local rules. *See* Local Rule CV-7(b). But "[t]he failure to attach a copy of the proposed complaint is not, on its own, fatal to a motion to amend." *Pena v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018). "[T]he party requesting amendment, even absent a formal motion, need only set forth with particularity the grounds for the amendment and the relief sought." *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (internal quotation marks omitted). Chapin has done that by providing detailed allegations that he intends to include in his second amended complaint.

Accordingly, the Court grants Chapin's request for an order to timely replead. After Chapin files his second amended complaint, the Court will determine whether he has clarified or amplified the claims that he actually alleged in his state court petition, or whether he has added a new cause of action or theory against SFI. *See Palmquist*, 103 F.4th at 303. If Chapin has merely clarified or amplified his prior

9

allegations, the Court will determine whether he has stated a plausible claim for relief against SFI. *See id.* at 304. At that point, the Court will rule on SFI's motion to dismiss under Rule 12(b)(1). *Cf. McCalister v. United States Liab. Ins. Co.*, No. 6:24-CV-00208, 2024 WL 4326537, at *4 (E.D. Tex. Sept. 27, 2024) (deferring to rule on plaintiff's motion to remand involving an improper-joinder issue until plaintiff had the opportunity to amend his original pleadings).

## II.   Conclusion

Chapin's request for an order to timely replead (Dkt. 14) is **GRANTED**. Chapin is **ORDERED** to file a second amended complaint **on or before April 10, 2025**. The Court defers ruling on SFI's motion to dismiss (Dkt. 11) until after Chapin files his second amended complaint.

Signed on March 27, 2025.

_____
JAMES R. NOWLIN
SENIOR U.S. DISTRICT JUDGE